UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **RAJINDER GILL** | : |
| Plaintiff, | : |
| v. | : |
| | :   Civil Action No. _____ |
| **FIVE STAR U STREET METROPOLITAN WASHINGTON AIRPORT PARKING, LLC a/k/a FSP U ST. METRO DC AIRPORT LLC** | : |
| 44910 Saarinen Circle | : |
| Dulles, Virginia 20166 | : |
| <u>Serve</u>: CT Corporation System | : |
| 4701 Cox Rd Ste 285 | : |
| Glen Allen, VA 23060-6808 | : |
| | :   TRIAL BY JURY DEMANDED |
| Defendant. | : |

## **COMPLAINT**

COMES NOW, the Plaintiff, Rajinder Gill ("**Mr. Gill**" or "**Plaintiff**"), by and through his undersigned counsel, and moves this Honorable Court for judgment against the Defendant, Five Star U Street Metropolitan Washington Airport Parking, LLC a/k/a FSP U. St. Metro DC Airport LLC ("**FSP**" or "**Defendant**"), on the grounds and praying for the relief hereinafter set forth:

### **Parties**

1. Plaintiff at all times relevant hereto was a resident of the Commonwealth of Virginia.

2. Defendant is a business entity that is authorized to transact business in Virginia. It operates parking lots, garages, and shuttle and valet services at Reagan and Washington Dulles airports. Its office address at Washington Dulles Airport is 44910 Saarinen Circle, Dulles,

Virginia 20166.

3. Plaintiff was employed by Defendant until his termination on February 24, 2020.

## Jurisdiction and Venue

4. Plaintiff brings this action for damages and injunctive relief on account of Defendant's violations of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq* ("**ADA**"). Specifically, Defendant's failure to accommodate Plaintiff and/or engage in the interactive process with Plaintiff as prohibited by the ADA.

5. This Court has federal question subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 *et seq*.

6. Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b)(1) and (d) as a substantial part of the events or omissions giving rise to these claims occurred in this district, and as all of the acts complained of herein occurred in Loudoun County, in the Commonwealth of Virginia.

7. Plaintiff has satisfied all of the procedural and administrative requirements set forth in Section 706 of Title VII, 42 U.S.C. § 2000e-5, in particular:

    a. Plaintiff was terminated from his employment with Defendant on February 24, 2020.

    b. On or around September 28, 2020, Plaintiff filed a charge (the "**Charge**") with the United States Equal Employment Opportunity Commission ("**EEOC**") alleging age and disability discrimination, retaliation, and failure to accommodate.

    c. The Charge was timely filed with the EEOC within three hundred (300) days from the latest date of discrimination relative to this matter.

    d. On February 7, 2023, EEOC issued Plaintiff a notice of rights to sue ("**Notice of Right to Sue**"), which was received shortly thereafter.

    e.    The Complaint in this matter was timely filed with this Court within ninety (90) days from the receipt of the Notice of Right to Sue.

### Statement of Facts

8. Plaintiff was employed by Defendant as a Parking Operations Supervisor as Washington Dulles Airport.

9. In this capacity, Plaintiff reported to Regional Manager Henok Tsehaye ("**Mr. Tsehaye**") and Assistant General Manager Muhammad Kahn ("**Mr. Khan**").

10. As a Parking Operations Supervisor, Plaintiff was responsible for *inter alia* assisting customers in the parking garage.

11. Plaintiff was terminated on or around February 24, 2020.

12. At the time of Plaintiff's termination, Plaintiff was sixty-five (65) years old.

13. Plaintiff had been working at Washington Dulles Airport for approximately thirty-two (32) years.

14. Prior to his termination, Plaintiff informed Defendant he suffered from numerous medical conditions, including a history of coronary artery disease, status post cardiac bypass surgery, diabetes mellitus and moderate tricompartmental osteoarthritis of the right knee.

15. Plaintiff had always worked the morning shift, which was less busy and permitted him to stay off his feet for prolonged periods of time and remain indoors during cold weather.

16. In February 2020, Defendant informed Plaintiff that his shift was changing from the morning to the evening.

17. Plaintiff met with Nani Solomon ("**Ms. Solomon**"), Defendant's Human Resources Manager, to dispute the shift change and request to continue working the morning shift.

18. Plaintiff explained that he has a disability which makes it difficult for him to be on his

feet in cold weather for prolonged periods of time, and working the morning shift permitted him to be inside and seated for longer periods of time due to the lower volume of customers.

19. Plaintiff noted that in the past, Defendant had assigned shifts based on hire date, and Plaintiff had been given priority in his shift assignments because he was hired in 1988.

20. Ms. Solomon informed him that Defendant had changed its policy, and now shift assignments were done by position seniority, not hire date, without further explanation.

21. Plaintiff was not informed of this policy change.

22. On or around February 8, 2020, Mr. Tsehaye reprimand Plaintiff for wearing a wool sweater underneath his uniform early in the morning on a freezing winter's day. When Plaintiff informed Mr. Tsehaye that he had to keep warm due to his medical conditions, Mr. Tsehaye stated "I don't give a damn but this sweater must come off."

23. On or around February 10, 2020, Plaintiff submitted a verification of treatment letter his physician to Defendant. Plaintiff's physician noted that Plaintiff has a history of coronary artery disease, status post cardiac bypass surgery, diabetes mellitus and was recently diagnosed with moderate tricompartmental osteoarthritis of the right knee. He strongly recommended that Defendant grant Plaintiff's reasonable accommodation request to continue working the morning shift as Plaintiff should not work on his feet in the cold weather for prolonged periods of time.

24. Plaintiff then proposed to Ms. Solomon and Mr. Khan that he step down as Parking Operations Supervisor to a cashier position, without a pay cut.

25. Mr. Khan asked Plaintiff to write an email about Plaintiff's request to step down and specifically told Plaintiff to not mention his medical condition in the request.

26. Plaintiff then received a letter from Ms. Solomon terminating Plaintiff's employment with Defendant.

27. Defendant did not give engage in any discussion with Plaintiff as to the accommodation or alterative options.

28. Defendant knew Plaintiff has a history of coronary artery disease, status post cardiac bypass surgery, diabetes mellitus and was recently diagnosed with moderate tricompartmental osteoarthritis of the right knee.

29. Defendant knew Plaintiff could not work the evening shift because of his disabilities.

30. Despite this, Defendant refused to grant Plaintiff's reasonable accommodation request.

31. Defendant failed to engage in an interactive process with Plaintiff.

32. Defendant deliberately failed to accommodate Plaintiff with the intention that Plaintiff would be terminated.

33. In fact, Defendant encouraged Plaintiff to step down in response to Plaintiff's reasonable accommodation request.

34. Plaintiff successfully worked the morning shift for thirty-two (32) years.

35. Plaintiff did not have any history of misconduct or disciplinary action.

36. Plaintiff was an exemplary employee for Defendant.

37. Defendant refused to discuss any accommodation with Plaintiff that would enable him to continue his employment with Defendant.

38. As a result of Defendant's violation of the ADA, Plaintiff has suffered and will continue to suffer, including, but not limited to, loss of back pay, loss of front pay, severe mental anguish, stress, pain and suffering.

39. Due to the severity of Defendant's conduct and pattern and practice of such behavior, Plaintiff is also entitled to punitive damages.

**COUNT I**
**Failure to Accommodate and/or Engage in the Interactive Process in Violation of**

**the Americans with Disabilities Act of 1990, as Amended, 42 U.S.C. § 12101 et seq.**

40. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint.

41. Plaintiff has a disability which makes it difficult for him to be on his feet in cold weather for prolonged periods of time.

42. Plaintiff provided Defendant with notice of his disabilities on several occasions, and Defendant was aware of the disabilities.

43. Plaintiff repeatedly requested permission to work the morning shift because he could be inside and seated for longer periods of time due to the lower volume of customers.

44. Plaintiff was able to perform the essential functions of his job with this accommodation.

45. Plaintiff's request was reasonable under the circumstances.

46. When faced with this request, Defendant refused to engage or discuss options with Plaintiff.

47. Defendant failed to engage in the interactive process.

48. By its acts and omissions alleged herein, Defendant intentionally deprived Plaintiff of equal employment opportunities, and otherwise adversely affected his status as an employee on the basis of Plaintiff's disability, in violation of the ADA.

49. As a direct, foreseeable, and proximate result of Defendant's unlawful conduct, Plaintiff has been injured in that he has suffered lost back pay, front pay, and will continue to suffer, including, but not limited to, severe mental anguish, stress, pain and suffering.

50. As a direct and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and

emotional distress, all to his damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

51. In acting as alleged herein, Defendant acted maliciously, willfully, despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to recover punitive damages from Defendant in amounts to be proved at trial.

52. As a result of Defendant's acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of this suit.

## COUNT II
### Retaliation and Wrongful Discharge in Violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

53. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint.

54. Defendant is a business affecting commerce and employing at least twenty (20) people.

55. Plaintiff has a disability that substantially impairs his ability to work.

56. Plaintiff provided Defendant with notice of this disability.

57. Plaintiff's request and discussion for accommodations regarding his disability were protected activities.

58. Subsequently, Plaintiff was almost immediately terminated on February 24, 2020.

59. Plaintiff was fulfilling her employer's legitimate expectations at the time of discharge as he was not on a performance improvement plan and he was an exemplary employee.

60. By its acts and omissions alleged herein, Defendant intentionally deprived Plaintiff of equal employment opportunities, and otherwise adversely affected his status as an employee on the basis of Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, as

amended, 42 U.S.C. § 1201 *et seq.*

61. As a proximate result of Defendant's discrimination against Plaintiff of the basis of his disability, Plaintiff has suffered and continues to suffer a loss of wages and salary, bonuses, compensation, employment benefits, career path opportunities, future earnings, and expenses, in an amount to be proven at trial.

62. As a direct and foreseeable result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, general physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all to his damage, in amounts within the jurisdictional limits of this Court, to be proven at trial.

63. In acting as alleged herein, Defendant acted maliciously, willfully, despicably, and oppressively, with the wrongful intention of inuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to recover punitive damages from Defendant in amounts to be proven at trial.

64. As a result of Defendant's acts of discrimination as alleged herein, Plaintiff is entitled to reasonable attorney's fees and the costs of this suit.

WHEREFORE, the premises considered, Plaintiff respectfully prays that this Honorable Court:

A. Enter judgment on his behalf and against Defendant;

B. Award Plaintiff compensatory damages;

C. Award Plaintiff punitive damages;

D. Award Plaintiff his court costs, expenses, attorneys' fees, prejudgment interest and post-judgement interest;

E.  Declare that Defendant's conduct is in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

F.  Order that Defendant be prohibited from continuing to maintain its illegal policy, practice or custom of failing to accommodate and to engage in the interactive process to further rights afforded to individuals who exercise or who attempt to exercise their rights under the ADA;

G.  Order that Defendant be required to promulgate an effective policy against such discrimination and to adhere thereto; and,

H.  Grant such other relief as this Court may consider just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with F.R.C.P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

RAJINDER GILL

By Counsel

By: /s/ Elizabeth Velander_____
Dirk McClanahan, Esq. (VSB No. 81208)
Elizabeth Velander, Esq. (VSB No. 96015)
MCCLANAHAN POWERS, PLLC
3160 Fairview Park Drive, Ste. 410
Falls Church, VA 22042
Telephone: (703) 520-1326
Facsimile:   (703) 828-0205
Email: dmcclanahan@mcplegal.com
            evelander@mcplegal.com
*Counsel for Plaintiff*